IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHARLES B. GRADDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 : 11-CV-145 (HL) |
| SOUTHERN HEALTH PARTNERS, | : | |
| INC., and SHIRLEY LEWIS, | : | |
| | : | |
| Defendants. | : | |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. ' 1983 on October 21, 2011, alleging Defendants were deliberately indifferent to Plaintiff=s serious medical needs. (Docs. 1, 8). Presently pending in this action is Defendants= Motion for Summary Judgment. (Doc. 21).

## Background

Plaintiff maintains that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Docs. 1, 8). Plaintiff alleges that Defendants failed to provide him with adequate medical treatment for a staph infection in violation of his Eighth Amendment rights. Specifically, Plaintiff states that he suffered from visibly large, weeping (sic) sores, which became infected because of the lack of medical treatment. (Doc. 1).

Defendants filed their Motion for Summary Judgment on August 14, 2012. (Doc. 21). On August 15, 2012, the Court notified Plaintiff of the filing of Defendants= Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 25). Plaintiff filed his Response to Defendants' Motion for Summary Judgment on September 13, 2012 (Doc. 28), and a Sur-reply on September 25,

2012. (Doc. 31).

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, 'which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed R.

2

Civ. P. 56(e)(3).

## Discussion

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, a prisoner must show that the medical need poses a substantial risk of serious harm if left unattended.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds, by *Hope v. Pelzer*, 536 U.S. 730 (2002).  A serious medical need can also be established if there is a delay in treatment that worsens the condition.  *Id.* at 1188-1189.  "In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Id.* at 1188.

To establish that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must also show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.  A prison official's subjective knowledge of a risk is a question of fact as to which the defendant "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, *and* [ ] must also draw the inference.@ *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2007) (emphasis in original) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

In asserting that they are entitled to the entry of summary judgment, Defendants have submitted the affidavit of Defendant Shirley Lewis, a nurse at Lowndes County Jail (LCJ), as well as portions of Plaintiff's medical records. (Docs. 22-1, 27).

Defendants' evidence shows that Defendant Southern Health Partners, Inc. is contracted to provide medical services to the inmates housed at LCJ. (Doc. 22-1, Lewis Aff., ¶ 4). Defendant Lewis is employed by Defendant Southern Health Partners, Inc. as the medical team administrator for LCJ. (*Id.* at ¶ 2).

"On February 4, 2011, Plaintiff presented to LCJ reporting a recent history of a staph infection, for which he was taking antibiotics Sulfa and Clindamycin[.]" (*Id.* at ¶ 7). "Plaintiff was assessed by the medical staff and a physician ordered that Plaintiff receive oral antibiotics of Bactrim and Clindamycin for ten days[.]" (*Id.* at ¶ 8). Plaintiff was housed in the medical unit for three days, and was released back into the general population on February 7, 2011 "after reporting he felt better and was seen to be improved by the medical staff[.]" (*Id.* at ¶ 9). During the ten days of antibiotics, Plaintiff refused to take the medications on twelve occasions. (*Id.* at ¶ 10).

On February 13, 2011, Plaintiff was seen by the medical staff for complaints of an allergic reaction to the washing powders. (*Id.* at ¶ 11). Plaintiff was prescribed an oral steroid and an antihistamine. (*Id.*). Plaintiff was seen again on March 3, 2011 after submitting a sick call form complaining of a staph infection on his thighs, arm, and back of his head. (*Id.* at ¶ 12). Defendant Lewis "assessed Plaintiff's skin and found one raised tiny pustule[.]" (*Id.*). "[Defendant Lewis] told Plaintiff that he may still be having problems because he had refused over a dozen of his antibiotics the

previous month[.]" (*Id.* at ¶ 13).  Plaintiff was prescribed another round of oral antibiotics for fourteen days.  (*Id.*).

Plaintiff was seen by medical on March 10, 2011, and the staff decided to house Plaintiff in the medical unit so that they could better observe him.  (*Id.* at ¶ 14).  "On March 14, 2011, Plaintiff was again seen by the medical staff, who noted no drainage from any lesions[.]" (*Id.* at ¶ 16).  Plaintiff's skin was examined again on April 1, 2011, and he "was noted to have several raised areas on the back of the neck that had yellow and green tops[.]" (*Id.* at ¶ 17).  Plaintiff was prescribed and given oral antibiotics for two weeks.  (*Id.*).  Plaintiff was examined on both April 12 and April 15 of 2011; Plaintiff's skin appeared healed.  (*Id.* at ¶ 18).

"Over the next couple of weeks, Plaintiff was observed to have one medium size raised red area on the left side of his face, as well as a pimple on his back[.]" (*Id.* at ¶ 19).  On May 9, 2011, it was noted that the bump on Plaintiff's back had grown larger and was draining.  (*Id.* at ¶ 21).  The next day, a physician ordered lab work to be done to determine if Plaintiff had an infection.  (*Id.*).  The blood work came back within normal limits.  (*Id.*).  By May 18, 2011, Plaintiff's skin appeared healed.  (*Id.* at ¶ 22).  Plaintiff continued taking oral antibiotics, and was prescribed antibacterial soap for bathing, a topical antibiotic for any lesions, and an oral rinse.  (*Id.*).

Defendant Lewis testified that "the treatment [she] provided Plaintiff met or exceeded the standard of care for nurses in like or similar situations." (*Id.* at ¶ 27).  Defendant Lewis further testified that she "never ignored an inmate and would never intentionally or otherwise maliciously deny an inmate medical care, and [she] certainly did not deny Plaintiff any medical care." (*Id.* at ¶ 28).

In response to the Defendants= summary judgment motion, Plaintiff submitted an affidavit.  (Doc. 30, Plaintiff Aff.).  Plaintiff testified that he was told by other nurses that Defendant Lewis refused to

see Plaintiff and gave directions to nurses not to test Plaintiff's blood or give Plaintiff medication. (*Id.* at ¶ 1). Plaintiff did not refuse to take his medication, rather the medications were stopped. (*Id.* at ¶¶ 3, 4). Plaintiff was observed by medical, but was not treated and was told his medical problems were his fault. (*Id.* at ¶ 10).

To establish a deliberate indifference claim, the evidence must show that the prison official had knowledge of the medical condition and "knowingly and recklessly declined to take actions that would have improved" the medical condition. *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010). Consistent with the facts presented, Defendant Lewis was aware that Plaintiff was suffering from a skin problem and, in response, examined Plaintiff and consulted with a physician, who prescribed a round of oral antibiotics for Plaintiff. (Doc. 22-1, Lewis Aff., ¶¶ 12-13). The evidence shows that Defendant Lewis did not knowingly and recklessly decline to take actions to improve Plaintiff's condition. In fact, the record reflects that Defendant Lewis examined Plaintiff, and took action to ensure that Plaintiff's skin problem was properly treated.

Plaintiff has submitted hearsay evidence that Defendant Lewis refused to see Plaintiff, and instructed the nurses not to test Plaintiff's blood or give Plaintiff medication. The undisputed evidence shows that Plaintiff received treatment from several medical staff employees, and that, in addition to the several rounds of oral antibiotics he received, Plaintiff was provided with an oral steroid, antibacterial soap, a topical antibiotic, and an oral rinse. (Doc. 22-1, Lewis Aff., ¶¶ 8, 11, 13, 17, 20, 22). Further, lab work was done to see if Plaintiff had an infection, and the results came back within the normal limits. (*Id.* at ¶ 21). Plaintiff was not denied medical treatment, but simply disagreed with the method and amount of treatment he received, which does not state an Eighth Amendment claim. *See Waldrop v. Evans*, 871 F.2d 1030, 103 (11th Cir. 1989) ("when a prison inmate has received medical care, courts

hesitate to find an Eighth Amendment violation"); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (evidence showed that the plaintiff received "significant" medical care in jail, and while the plaintiff may have desired a different mode of treatment, the care provided did not raise to the level of deliberate indifference).

Plaintiff is also attempting to hold Defendant Southern Health Partners, Inc. liable for the alleged acts of deliberate indifference committed by an employee, Defendant Lewis.  Plaintiff's allegation against Defendant Southern Health Partners, Inc. is related only to its alleged supervisory position over Defendant Lewis.  It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability); *Kruger v. Jenne*, 164 F.Supp.2d 1330, 1334 (S.D. Fla. June 19, 2000) (a company which provides medical care to inmates cannot be held liable under the doctrine of supervisory liability for an alleged §1983 violation committed by one of its employees).  As Defendant Southern Health Partners, Inc. cannot be held liable for the alleged acts of its employees, the undersigned finds that Plaintiff has failed to state a cognizable claim against Defendant Southern Health Partners, Inc.  *See Breland v. Cox*, 2009 WL 2432686, *2 (M.D. Ga. Aug. 5, 2009) ("Southern Health Partners cannot be held liable for the action or inaction of its employees" when the plaintiff is alleging Southern Health Partners is liable only under a theory of vicarious liability).

As Plaintiff did not provide the Court with evidence that refuted Defendants' showing that they were not deliberately indifferent to a serious medical need, no genuine issue of fact remains regarding Plaintiff's claims.  Thus, Plaintiff's claims cannot survive Defendants' Motion for Summary Judgment.

7

**Conclusion**

As Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 28th day of November, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf